AO 106 (Rev. 06/09) Application for a Search Warrant

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of Missouri

**FILED**

JUL 2 2 2014

U. S. DISTRICT COURT
EASTERN DISTRICT OF MO

| | | |
|---|---|---|
| In the Matter of the Search of<br><br>ONE (1) BLACK SAMSUNG FLIP PHONE, S/N: R21DAA61NTR<br>Being securely stored at: FBI – St. Louis Division 2222 Market Street<br>St. Louis, MO 63103 | )<br>)<br>)<br>)<br>)<br>) | Case No.   4:14MJ1140 TIA |

## APPLICATION FOR A SEARCH WARRANT

I, Ann C. Pancoast, a federal law enforcement officer or an attorney for the government request a search warrant and state under penalty of perjury that I have reason to believe that on the following property:

ONE (1) BLACK SAMSUNG FLIP PHONE, S/N: R21DAA61NTR Being securely stored at: FBI – St. Louis Division 2222 Market Street St. Louis, MO 63103

located in the ___EASTERN___ District of ___MISSOURI___, there is now concealed

See Attachment A

The basis for the search under Fed. R. Crim. P. 41(c) is (check one or more):

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| Title 18, United States Code, Sections 2251, 2252 and 2252A | which criminalize the production, possession, receipt, distribution and transmission of child pornography |
| Title 18, United States Code, Section 24222(b) | which criminalizes using the mail or any facility or means of interstate or foreign commerce to knowingly pesuade, induce, entice or coerce a person under the age of 18 to engage in sexual activity for which a person can be charged with a criminal offense |

The application is based on these facts:

SEE ATTACHED AFFIDAVIT WHICH IS INCORPORATED HEREIN BY REFERENCE

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
Applicant's signature

Special Agent Ann C. Pancoast
Federal Bureau of Investigation
Printed name and title

Sworn to before me and signed in my presence.

Date:   7/22/2014

_____
Judge's signature

City and state:   St. Louis, MO

Honorable Terry I. Adelman, U.S. Magistrate Judge
Printed name and title

AUSA:   Hal Goldsmith

In the Matter of the Search of:

ONE (1) BLACK SAMSUNG FLIP PHONE, S/N: R21DAA61NTR
Being securely stored at:
FBI – St. Louis Division
2222 Market Street
St. Louis, MO 63103

## AFFIDAVIT

I, Ann C. Pancoast, being duly sworn, do hereby depose and state:

### Introduction

1. I am a Special Agent with the Federal Bureau of Investigation ("FBI"). I have been so employed for approximately 23 years. I have investigated matters involving the online exploitation of children, particularly in relation to violations of Title 18, United States Code, Sections 2251, 2252 and 2252A, which criminalize the production, possession, receipt, distribution and transmission of child pornography and Title 18, United States Code, Section 2422(b), which criminalizes using the mail or any facility or means of interstate or foreign commerce to knowingly persuade, induce, entice or coerce a person under the age of 18 to engage in sexual activity for which a person can be charged with a criminal offense. I have made multiple arrests and conducted searches pertaining to these types of investigations.

2. This affidavit is made in support of an application for a search warrant to search for and seize instrumentalities, fruits, and evidence of violations of Title 18, United States Code, Sections 2251, 2252 and 2252A, which criminalize, among other things, the production, possession, receipt, and shipment of child pornography, and other related materials. The items that are the subject of the search and seizure applied for in this affidavit are more specifically described in Attachment A.

3. The statements contained in this affidavit are based on my personal knowledge, information obtained during my participation in this investigation from others, and on my experience and background as a Special Agent with the Federal Bureau of Investigation.

### Statutory Authority

4. This investigation concerns alleged violations of Title 18, United States Code, Sections 2251, 2252 and 2252A, which criminalize, among other things, the production, possession, receipt, and shipment of child pornography, and other related materials.

1

## Definitions

5.  The following definitions apply to this Affidavit and Attachment A to this Affidavit:

   a.  "Child Pornography," as used herein, includes the definition in 18 U.S.C. § 2256(8) (any visual depiction of sexually explicit conduct where (a) the production of the visual depiction involved the use of a minor engaged in sexually explicit conduct, or (c) the visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaged in sexually explicit conduct), as well as any visual depiction, the production of which involves the use of a minor engaged in sexually explicit conduct (*see* 18 U.S.C. §§ 2252 and 2256(2)).

   b.  "Visual depictions" include undeveloped film and videotape, and data stored on computer disk or by electronic means, which is capable of conversion into a visual image. *See* 18 U.S.C. § 2256(5).

   c.  "Sexually explicit conduct" means actual or simulated (a) sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; (b) bestiality; (c) masturbation; (d) sadistic or masochistic abuse; or (e) lascivious exhibition of the genitals or pubic area of any persons. *See* 18 U.S.C. § 2256(2).

   d.  The terms "records," "documents," and "materials" include all information recorded in any form, visual or aural, and by any means, whether in handmade form (including, but not limited to, writings, drawings, paintings), photographic form (including, but not limited to, microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, photocopies), mechanical form (including, but not limited to, phonograph records, printing, typing) or electrical, electronic or magnetic form (including, but not limited to, tape recordings, cassettes, compact discs, electronic or magnetic storage devices such as floppy diskettes, hard disks, CD-ROMs, digital video disks (DVDs), Personal Digital Assistants (PDAs), Multi Media Cards (MMCs), memory sticks, optical disks, printer buffers, smart cards, memory calculators, electronic dialers, Bernoulli drives, or electronic notebooks, as well as digital data files and printouts or readouts from any magnetic, electrical or electronic storage device).

   e.  The" Internet" is a collection of computers and computer networks which are connected to one another via high-speed data links and telephone lines for the purpose of sharing information. Connections between Internet computers exist across state and international borders and information sent between computers connected to the Internet frequently crosses state and international borders, even if those computers are in the same state. A network is a series of devices, including computers and telecommunication devices, connected by communication channels.

2

f.     "Minor" means any person under the age of eighteen years (18 U.S.C. § 2256(1)).

### Investigation

6.     In mid to late April of 2014, United States Probation Officer (USPO) Stephen Holmes contacted the Affiant and stated that Matthew Ostrander, who is on Federal Supervised Release for Possession of Child Pornography, had been found in non-compliance of a number of special conditions specified in his Probation agreement.

7.     According to USPO Stephen Holmes, on April 1, 2014, he received information that Ostrander was using his cell phone to access the Internet and that Ostrander was accessing multiple dating sites. On April 8, 2014,1 during a telephone conversation with Holmes, Ostrander denied using the Internet except at the Missouri Career Centers while searching for employment. On April 13, 2014, USPO Holmes conducted a home visit with Ostrander. During the contact, Ostrander was again asked about his Internet usage and was told he should not lie to USPO Holmes about his Internet usage.

8.     Ostrander admitted to USPO Holmes that he had used the Internet recently and stated he used it frequently through his cell phones. Ostrander then showed USPO Holmes his two phones. Ostrander said one did not work and the other was the phone he used to access the Internet. Ostrander told USPO Holmes that if he looked at the working phone, USPO Holmes would be able to see that Ostrander was carrying on a conversation via his Facebook account. USPO Holmes opened the phone and viewed the text messages. USPO Holmes observed that all outgoing and draft messages had been deleted. The inbox showed numerous messages which Ostrander stated he received from Facebook notifying him of a private message within Facebook.

9.     Ostrander admitted to USPO Holmes that he had two Facebook accounts. USPO Holmes opened the web browser on the phone and it immediately opened Yahoo.com and stated the logged in account had new messages. Ostrander admitted to having numerous email accounts. USPO Holmes advised that Ostrander's web history indicated his last pages visited were all Facebook related and when USPO Holmes clicked on one of the Internet history links, he was directed to a Facebook chat with a Gabe Last Name Unknown (LNU). Ostrander advised USPO Holmes that Gabe LNU is a 17 year old male from Australia. It should be noted that on Ostrander's Facebook page under the name of Caeden Nolan, he has a friend named Gabe Davey, Narangba Valley State High School Class of 2014 and the he currently lives in Brisbane, Queensland, Australia.

10.    USPO Holmes then reviewed the pictures on Ostrander's phone and observed numerous images of young looking males. Ostrander initially stated that all of the males were over the age of 18, but eventually stated that one of the males, Vinnie LNU, was possibly 15 years old. Ostrander stated he met Vinnie LNU thru a chat room on Fun For Mobile and Vinnie

LNU's profile stated he was 15 years old. Ostrander then added that Vinnie LNU had notified him that he was actually 18 years old.

11. Ostrander told USPO Holmes he used the phones to access the internet to view adult pornographic websites. USPO Holmes told Ostrander he was seizing his phones to perform a forensic examination. Ostrander then stated he had also downloaded and viewed pictures of nude boys. Ostrander advised he would use the Google search engine to find images of naked children. He stated he specifically searched for "nude boys" and other variations using the terms "nude, gay" and "boys." Ostrander advised he would then download and save the images so that he could view them better on his phone. After viewing the images, Ostrander advised he would delete the images.

12. At the conclusion of the interview, Ostrander was advised by USPO Holmes to stay at his home until he heard from USPO Holmes. On April 15, 2014, USPO Holmes was contacted by the St. Francois County Sheriff's Office. They advised him that on April 14, 2014, Ostrander was stopped and questioned by the Iron County Sheriff's Department. Ostrander falsely identified himself to deputies as Jay Lee Mills of Festus, Missouri and told them he was walking to Joplin, Missouri. After interviewing and correctly identifying Ostrander, he was driven back to the county line and dropped off with directions on how to get back to his residence.

13. On April 15, 2014, USPO Holmes contacted the Park Hills, Missouri Police Department for the purpose of conducting a welfare check on Ostrander. An officer responded to Ostrander's residence and found the door to the residence open, however, Ostrander was not present. A note addressed to "Dad" was found on Ostrander's table which indicated he might be attempting suicide. USPO Holmes was later contacted by Terri Patterson from Southeast Missouri Behavioral Health. Patterson advised Ostrander arrived at her office that morning with some cut marks on his left wrist and asking for help. Ostrander told Patterson his phones had been seized by his probation officer on Sunday and that the probation officer would find multiple violations on the phone including deleted pictures of naked children and evidence of his conversations with minors.

14. On April 16, 2014, Patterson again contacted USPO Holmes and reported that Ostrander had been admitted to a hospital in Hayti, Missouri. Patterson stated she stayed with Ostrander until they found him a bed in a mental health facility. While waiting for the bed, Patterson told USPO Holmes that Ostrander believed his parole would be revoked and he would possibly have new criminal charges filed against him once the forensics on the phone had been completed. Patterson stated that Ostrander told her he had viewed inappropriate pictures of naked boys and that he had been talking to a boy he knew to be 15 years old. Ostrander advised some of the conversations were sexual in nature. Ostrander also told Patterson that the 15 year old boy and he had talked about him moving in with Ostrander after he became emancipated from his parents. Ostrander told Patterson at that time he quit talking to the 15 year male because he thought it might be an undercover officer. Finally, Ostrander told Patterson that his fear that he was talking to an undercover officer lasted only a short time and that he then re-

4

engaged into conversations with the 15 year old male.

15. This Affiant knows from training and experience that some people who collect child pornography tend to keep the images they obtain for extended periods of time and do not delete the images. They tend to regard the images as trophies and use them for sexual gratification. They also use the collected images and videos of child pornography as bargaining tools when trading child pornography with other individuals. Others delete these images knowing they are able to acquire them again with the use of the internet.

16. This Affiant knows from training and experience that some people who collect child pornography utilize mobile devices to store and distribute the files. They also tend to access child pornography from their mobile device to distribute the files in an attempt to avoid detection from Law Enforcement.

## SEARCH METHODOLOGY TO BE EMPLOYED

17. The examination procedure of electronic data contained in mobile devices, and/or memory storage devices may include the following techniques (the following is a non-exclusive list, as other examination procedures may be used):

    a. examination of all of the data contained in such mobile devices, and/or memory storage devices to view the data and determine whether that data falls within the items to be seized as set forth herein;

    b. searching for and attempting to recover any deleted, hidden, or encrypted data to determine whether that data falls within the list of items to be seized as set forth in Attachment A (any data that is encrypted and unreadable will not be returned unless law enforcement personnel have determined that the data is not (1) an instrumentality of the offenses, (2) a fruit of the criminal activity, (3) contraband, (4) otherwise unlawfully possessed, or (5) evidence of the offenses specified above);

    c. surveying various file directories and the individual files they contain;

    d. opening files in order to determine their contents;

    e. scanning storage areas;

    f. performing key word searches through all electronic storage areas to determine whether occurrences of language contained in such storage areas exist that are likely to appear in the evidence described in Attachment A; and/or

    g. performing any other data analysis technique that may be necessary to locate and retrieve the evidence described in Attachment A.

## CONCLUSION

18. Based upon the above information, your affiant asserts that 18 U.S.C. §§ 2251, 2252 and 2252A, which, among other things, make it a federal crime for any person to knowingly manufacture, possess, receive, and/or distribute child pornography, have been violated, and that the property, evidence, fruits and instrumentalities of these offenses, more fully described in Attachment A of this Affidavit, are located within the following: BLACK SAMSUNG FLIP PHONE, S/N: R21DAA61NTR. I request authority to seize and search such material, specifically, that the Court issue a search warrant for the following: BLACK SAMSUNG FLIP PHONE, S/N: R21DAA61NTR for the items listed in Attachment A.

19. The BLACK SAMSUNG FLIP PHONE, S/N: R21DAA61NTR is being securely stored at the FBI-St. Louis Division Office, Evidence Control Room, 2222 Market Street, St. Louis, Missouri, 63103.

# ATTACHMENT A

1. All visual depictions, including still images, videos, films or other recordings of child pornography or minors engaged in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(8)(A) or (C).

2. Any and all mobile device passwords and other data security devices designed to restrict access to or hide mobile device software, documentation, or data. Data security devices may consist of software, or other programming code.

3. Any and all documents, records, e-mails, and internet history (in documentary or electronic form) pertaining to the production, possession, receipt or distribution of child pornography (or attempt to do so) or visual depictions of minors engaged in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(8)(A) or (C).

4. All correspondence regarding the production, distribution, receipt or possession of child pornography;

5. Any and all records, documents, invoices, notes and materials that pertain to accounts with any Internet Service Provider or cellular telephone provider, as well as any and all records relating to the ownership or use of the items that are the subject of the search.

6. Copies of all the above in whatever form including digital format.